UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NATIONAL SHOPMEN PENSION FUND, *et. al.* <br> Plaintiffs, <br><br> v. <br><br> GROSSI, SAMUEL & SONS, INC. d/b/a SAMUEL GROSSI & SONS, INC. <br><br> Defendant. | Civil Action No. 1:05cv01940 |

## DECLARATION OF A. H. HIGGS, JR.

CITY OF WASHINGTON,    )
                      ) ss:
THE DISTRICT OF COLUMBIA   )

A.H. Higgs, Jr. deposes and says:

1. The information contained in this Declaration is based upon my personal knowledge and information. If called as a witness, I will testify to such facts.

2. I am the Administrator of the National Shopmen Pension Fund ("Fund").

3. The Fund is a multiemployer pension fund established pursuant to Section 302 (c) of the Labor Management Relations Act and is subject to the Employee Retirement Income Security Act (ERISA). The Fund's purpose is to provide pension, retirement and related benefits to the eligible employees of employers who contribute to the Fund. It is governed by a Board of Trustees composed of an equal number of management and labor representatives. The Fund is governed pursuant to the terms of the Agreement and Declaration of Trust ("Trust Agreement") establishing the Fund.

4. Pursuant to collective bargaining agreements ("Agreements") between participating employers and Local Unions of the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers, a contributing employer is obligated to submit monthly contribution reports listing employees' names, social security numbers, and hours worked for the month for which contributions are owed and to pay to the Fund monthly contributions on behalf of covered employees based on the reported hours worked at the rates specified in the applicable Agreements. The monthly contribution reports are essential to the proper crediting of benefits to an employer's workforce because benefits to which eligible employees are entitled from the Fund are based on a formula that takes into account both the employer's contribution rate and the employee's years of service.

5. Defendant Grossi, Samuel & Sons, Inc., d/b/a Samuel Grossi & Sons, Inc. is signatory to an Agreement with Local 502 of the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers covering the periods August 1, 2002 through present. The Agreement states that Defendant will contribute to the Fund, for each employee to whom Agreement is applicable the sum of $1.20 per hour.

5. Defendant agreed to be bound by the Agreement and Declaration of Trust under which the Fund is maintained and the rules and regulations adopted by the Trustees thereunder. The Trust Agreement and the Policy for Collection of Delinquent Contributions adopted by the Trustees pursuant to their authority under the Trust Agreement provides that a delinquent employer against whom a suit is filed is liable for: interest on delinquent contributions at the rate prescribed under 6621 of the Internal Revenue Code of 1954 , currently seven percent per annum, and liquidated damages in the amount equal to the greater of the interest accrued on delinquent contributions or 20% of the delinquency. Article IX, Section 3 of the Trust Agreement provides that "A participating

employer shall be considered to be delinquent in the payment of contributions if he (a) fails to submit a contribution reporting form, and the contributions detailed therein, by the close of business on the due date." In order to enable the Fund to give pension credit to employees, the Trustees have adopted the policy of requiring employers to submit remittance reports on a monthly basis showing hours of service for eligible employees during the prior month. Defendant was expressly notified of this policy when it became a party to the Fund.

6. The Fund's Trust Agreement and Collection Policy also requires that a participating employer such as Defendant submit to a payroll audit upon request by the Fund so that the Fund can verify the amount of contributions owed to it.

7. For the month of October 2005, Defendant employed employees covered by the Collective Bargaining Agreement between it and Local 502 but failed to submit complete remittance reports or make the total required monthly contributions to the Fund for such employees. Defendant failed to submit to the Fund the monthly remittance reports or provide Counsel with other detailed information as to the monthly contribution amounts owed for October 2005. Based on the highest monthly contributions reported by Defendant for the preceding 12 months, I estimate the amount of contributions for that month at $13,648.20.

8. In addition, Defendant failed to pay the contributions due for the months of May through September 2005 by the due date and those delinquencies continued during the period of this litigation. Ultimately, Defendant paid the contributions for all of those months. Interest, on the delinquent contributions for the months of May through October 2005 calculated at the rate of seven percent per annum from the date each contribution was due until the earlier of the date paid or the date of judgment amount to $578.66.

9. Defendant has paid the Fund $57,729.60 in contributions for the period May through

September 2005 since the Fund filed suit on October 4, 2005. Accordingly, liquidated damages equal to 20 percent of the delinquent contributions for the months of May through October 2005 amounts to $14,275.56.

I hereby declare under pain and penalty that the foregoing is true and correct.

Date: 12/14/05

A.H. Higgs Jr.

H:\Users\BGG\150 (NSPF)\193 (Grossi)\HiggsAff2.wpd