**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|   |   |
|---|---|
| **NATIONAL SHOPMEN PENSION FUND,** *et. al.* <br> **Plaintiffs,** <br><br> v. <br><br> **GROSSI, SAMUEL & SONS, INC.** <br> **d/b/a SAMUEL GROSSI & SONS, INC.** <br><br> **Defendant.** | Civil Action No. 1:05cv01940 |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**MOTION FOR SUPPLEMENTAL JUDGMENT**

Plaintiffs, National Shopmen Pension Fund and its Trustees, submit this Memorandum in Support of their Motion for Entry of Supplemental Judgment. Default Judgment was entered against Defendant in this action on January 13, 2006 for delinquent contributions for October 2005 as well as interest and liquidated damages for the period May through October 2005.

### I. FACTS

1.  The Fund is a multiemployer joint labor-management defined benefit pension fund established pursuant to Section 302(c) of the Labor Management Relations Act (29 U.S.C. 186(c)). It is subject to the Employee Retirement Income Security Act of 1974 29 U.S.C.§1000 *et seq*. The Pension Fund maintains its offices and is administered in the District of Columbia. Its purpose is to provide retirement and related benefits to the eligible employees of employers who contribute to the Fund pursuant to various collective bargaining agreements with local unions affiliated with the

Shopmen's Local Unions of the International Association of Bridge, Structural and Ornamental Iron Workers, AFL-CIO.

2. Defendant Grossi, Samuel & Sons, Inc., d/b/a Samuel Grossi & Sons, Inc is a corporation incorporated in the state of Pennsylvania. Grossi's mailing address is 2526 State Road, Bensalem, PA 19020. The business of the Defendant affects commerce within the meaning of Section 301 of the Labor Management Relations Act (29 U.S.C. § 185).

3. At all times material to this action, Defendant and Local Union No. 502 of the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers were parties to, and bound by, a Collective Bargaining Agreement covering Defendant' bargaining unit employees represented by Local 502 . The Agreement requires that Defendant contribute to the Fund on behalf of their covered employees at the rate of $1.20 per hour, effective August 1, 2002, and for the duration of the Agreement, including any renewals or extensions thereof.

4. Defendant agreed to be bound by the Agreement and Declaration of Trust under which the Fund is maintained and the rules and regulations adopted by the Trustees thereunder. The Trust Agreement and the Policy for Collection of Delinquent Contributions adopted by the Trustees pursuant to their authority under the Trust Agreement provides that a delinquent employer against whom a suit is filed is liable for: interest on delinquent contributions at the rate prescribed under 6621 of the Internal Revenue Code of 1954 , currently seven percent per annum, and liquidated damages in the amount equal to the greater of the interest accrued on delinquent contributions or 20% of the delinquency. Article IX, Section 3 of the Trust Agreement provides that "A participating employer shall be considered to be delinquent in the payment of contributions if he (a) fails to submit a contribution reporting form, and the contributions detailed therein, by the close of business on the

due date." In order to enable the Fund to give pension credit to employees, the Trustees have adopted the policy of requiring employers to submit remittance reports on a monthly basis showing hours of service for eligible employees during the prior month. Defendant was expressly notified of this policy when it became a party to the Fund.

5. The Fund's Trust Agreement and Collection Policy also require that a participating employer such as Defendant submit to a payroll audit upon request by the Fund so that the Fund can verify the amount of contributions owed to it.

6. For the month of March 2006, Defendant employed employees covered by the Collective Bargaining Agreement between it and Local 502 but failed to submit complete remittance reports or make the total required monthly contributions to the Fund for such employees. The Fund estimates that Defendant owed $16,451.70 in contributions for the month of March 2006. See affidavit of Fund Administrator A.H. Higgs. The estimate is based on the highest amount of hours reported to the Fund in any month during the preceding 12-month period multiplied by the applicable hourly contribution rate.

7. Defendant failed to pay the contributions due for the months of November 2005 through March 2006 by the due date and have accrued interest on those months calculated at the rate of seven percent per annum from the date the contributions were due until the earlier of the date paid or the date of judgment.

8. Interest on the delinquent contributions calculated at the rate of seven percent per annum from the date the contributions were due until the earlier of the date paid or the April 30, 2006 amounts to $658.62.

8. Liquidated damages equal to 20 percent of the delinquent contributions for the months

of November 2005 through March 2006 amounts to $14,611.79.

9.  The Fund has incurred attorneys' fees and costs for the period December 8, 2005 through April 24, 2006 in the amount $1,552.97 in this case. (See Affidavit of Marc H. Rifkind, Esq.)

10. Defendant has filed no answer or other responsive pleading and more than 20 days has elapsed since the Fund served Defendant with the complaint and summons in the case. Accordingly, default was entered against Defendant in this case by the Clerk on January 13, 2006.

## II.  THE FUND IS ENTITLED TO ENTRY OF SUPPLEMENTAL JUDGMENT

11. ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), provides as follows:
In any action under this title by a fiduciary for or on behalf of a plan to enforce Section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan

   (A)  the unpaid contributions,

   (B)  interest on the unpaid contributions,

   (C)  an amount equal to the greater of:

   (i)  interest on the unpaid contributions, or
   (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under sub-paragraph (A),

   (D)  reasonable attorney's fees and costs of the action, to be paid by the defendant, and

   (E)  such other legal or equitable relief as the court deems appropriate. For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1986.

ERISA Section 515, 29 U.S.C. § 1145, provides:

> Every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

12. Defendant is liable to the Fund for $16,451.70 in contributions for the month of March 2006.

13. Defendant is liable for interest in the amount of $658.62 at the rate of 7 percent per annum thereafter until the earlier of the date paid or the April 30, 2006 .

14. Defendant is also liable for liquidated damages equal to 20 percent of the delinquent contributions for the months of November 2005 through March 2006 in the amount of $14,611.79.

14.  Defendant is further liable for attorneys' fees and costs incurred by the Fund for the period December 8, 2005 through April 24, 2006 in the amount $1,552.97. (See Affidavit of Marc H. Rifkind, Esq.)

**CONCLUSION**

On the basis of the foregoing, and the Entry of Supplemental Judgment against Defendant, Plaintiffs request that the Court enter an Order Judgment for the Plaintiffs in the amount of $33,275.08 and Order requiring Defendant to pay all contributions for the month of March 2006 through the date of judgment with interest at the rate of seven percent per annum through April 30, 2006 on  contributions  to the Fund for the period November 2005 through February 2006 that were delinquent when paid, liquidated damages in the amount of  $14,611.79 and attorneys fees and cost incurred by the Fund.

Date: May 2, 2006   /s/ Marc Rifkind
Marc H. Rifkind, Esq. 416183 (DC)
SLEVIN & HART, P.C.
1625 Massachusetts Ave., NW, Suite 450
Washington, D.C.  20036
(202) 797-8700

Counsel for Plaintiffs

H:\Clients\0150\193\Supplemental Judgment\Memo Supplemental Judgment.wpd